UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOVEPREET SINGH SANDHU, | Case No. C26-1285-TLF |
| Petitioner, | ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |
| v. | |
| KRISTI NOEM, *et al.*, | |
| Respondents. | |

This matter comes before the Court on Petitioner Lovepreet Singh Sandhu's two-page "Emergency Motion for Temporary Restraining Order" ("TRO"), Dkt #11. This habeas case was filed on March 30, 2026, at the direction of Judge Theresa L Fricke in Petitioner's earlier habeas case. *See* Case No. C26-465-TLF, Dkt. #24. This case was assigned to Judge Fricke and the Court issued its standard Scheduling Order for cases such as this, which sets an expedited deadline for Respondents to respond and requires the Government to notify the Court and all parties before Petitioner is transferred out of the district or removed from the United States. *See* Dkt. #6. Petitioner filed this TRO at the same time he amended his habeas petition. The instant Motion was referred to the undersigned judge.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 1

Petitioner's TRO moves the Court "to prevent his imminent removal from the United States while his petition… is pending before this Court." Dkt. #11 at 1. He states he has "received a 'NOTICE TO REMOVED ALIENS WHO MAY BE SEEKING JUDICIAL REVIEW,' as well as a 'WARNING TO ALIEN ORDERED REMOVED OR DEPORTED.'" *Id*. Petitioner does not attach these notices or quote their contents. He is understandably worried that he will be removed while seeking habeas relief and states that this would be irreparable harm.

The TRO Motion contains no further facts.

Typically, a party requesting a TRO must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). The Ninth Circuit employs a "sliding scale" approach, according to which these elements are balanced, "so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). However, the moving party must still make at least some showing that there is a likelihood of irreparable injury and that the injunction is in the public interest. *Id*. at 1135.

The Court has reviewed this TRO and the remainder of the record and finds that it is properly denied. Petitioner fails to cite to evidence demonstrating imminent deportation or a likelihood of success on the merits. The Court is not convinced that irreparable harm will occur in the absence of preliminary relief and will not bypass the reasonable procedures of its Scheduling Order for dealing with the Petition.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 2

Accordingly, having considered the briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion for Temporary Restraining Order, Dkt #11, is DENIED.

DATED this 17th day of April, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 3