UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LOVEPREET SINGH SANDHU,

Petitioner,

v.

KRISTI NOEM, *et al.*,

Respondents.

Case No. C26-1285-TLF

ORDER DENYING SECOND MOTION
FOR TEMPORARY RESTRAINING
ORDER

This matter comes before the Court on Petitioner Lovepreet Singh Sandhu's "Renewed Emergency Motion for Temporary Restraining Order" ("TRO"), Dkt #14. This habeas case was filed on March 30, 2026, at the direction of Judge Theresa L Fricke in Petitioner's earlier habeas case. *See* Case No. C26-465-TLF, Dkt. #24. It was assigned to Judge Fricke and the Court issued its standard Scheduling Order for cases such as this. *See* Dkt. #6. The Court denied an earlier TRO filed by Petitioner. Dkt. #13. That same day the Government filed a notice of intent to remove. Dkt. #9. Petitioner filed this TRO along with an exhibit indicating ICE has a travel document for him and that removal may occur by the end of this month. *See* Dkt. #14-1. The instant Motion was referred to the undersigned judge.

Petitioner's second TRO again moves the Court "to prevent his removal from the United States while his petition… remains pending before this Court." Dkt. #14 at 1. He is understandably worried that he will be removed while seeking habeas relief and argues that this would be irreparable harm.

ORDER DENYING SECOND MOTION FOR TEMPORARY RESTRAINING ORDER - 1

Petitioner discusses the merits of his Amended Habeas Petition in just a few sentences. He states:

> Petitioner has raised substantial and serious legal questions regarding the lawfulness of his continued detention. Specifically, the government failed to meet its burden to justify detention by clear and convincing evidence, despite Petitioner's demonstrated compliance with ICE supervision, including voluntarily traveling from New York to Seattle for a required check-in.
>
> The Fifth Amendment prohibits deprivation of liberty without due process of law, and its protections extend to noncitizens within the United States. *Zadvydas v Davis*, 533 U.S. 678, 690 (2001).
>
> These issues are currently bending before this Court and warrant full judicial review.

*Id*. at 2.  The TRO contains no further discussion of the merits of his case.

In their opposition brief Respondents cite Petitioner's previous habeas case, *Lovepreet Singh Sandhu v. Noem*, No. 2:26-cv-00465-TLF, 2026 WL 607701 (W.D. Wash. Mar. 4, 2026), attach evidence that a subsequent bond denied bond because of a flight risk, *see* Dkt. #19-1, and argue that Petitioner has a valid order of removal, *see* Dkt. #19 at 3–4.  Respondents contend that Petitioner simply disagrees with the immigration judge's discretionary decision to deny bond and that such is not reviewable by this Court unless there is a colorable constitutional or legal challenge, which is not presented.  Dkt. #19 at 9–10.

Petitioner filed a procedurally improper Reply brief, which the Court has nonetheless reviewed.  *See* Dkt. #21; LCR 65(b)(5).

Typically, a party requesting a TRO must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest.  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20,

ORDER DENYING SECOND MOTION FOR TEMPORARY RESTRAINING ORDER - 2

129 S. Ct. 365, 172 L. Ed. 2d 249 (2008).  The Ninth Circuit employs a "sliding scale" approach, according to which these elements are balanced, "so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).  However, the moving party must still make at least some showing that there is a likelihood of irreparable injury and that the injunction is in the public interest. *Id*. at 1135.

The Court has reviewed this second TRO and the remainder of the record and finds that it is properly denied.  Petitioner fails to demonstrate a likelihood of success on the merits for the reasons stated by Respondents above.  Petitioner's Amended Habeas Petition challenges only the denial of bond, not the underlying order of removal.  *See* Dkt. #10.  Although the Court is extremely hesitant to allow removal to occur in a case involving a pending habeas petition, the Court cannot grant the instant TRO because it fails to set forth an adequate basis for the Court to believe that the habeas petition is likely to succeed on the merits.

Accordingly, having considered the briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion for Temporary Restraining Order, Dkt #14, is DENIED.

DATED this 29th day of April, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING SECOND MOTION FOR TEMPORARY RESTRAINING ORDER - 3